1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL GONZALES,              )    Case No. 2:10-CV-1360 JAM-DAD
                                   )
12                 Plaintiff,      )
                                   )    ORDER DENYING DEFENDANT'S
13       v.                        )    MOTION TO DISMISS
                                   )
14                                 )
    TRIMEDICA INTERNATIONAL, INC.; )
15  and DOES 1-100, Inclusive      )
                                   )
16                 Defendants.     )
    _____ )
17

18       This matter comes before the Court on Defendant Trimedica

19  International, Inc.'s ("Defendant") Motions to Dismiss (Doc. 9

20  & Doc. 10) the Complaint (Doc. 1) filed by Plaintiff Michael

21  Gonzales ("Plaintiff").  Plaintiff opposes the motion.[1]

22

23            I.      FACTUAL AND PROCEDURAL BACKGROUND

24       Plaintiff alleges that he is a California citizen who

25  believes in the importance of a fair and competitive market for

26  the manufacture, marketing, sale, and distribution of consumer

27  _____

28  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D.Cal. L.R. 230(g).  The hearing was scheduled
    for September 15, 2010.

1    products.  Complaint ¶ 7.  Plaintiff alleges that Defendant is

2    falsely claiming that "AlkaMAX Alkaline Booster" ("AlkaMAX"), a

3    purported pH balancing formula dietary supplement, is patented.

4    Defendant allegedly advertises that AlkaMAX is the "only

5    patented, doctor-recommended pH balancing formula on the

6    market."  Complaint ¶ 1.  Defendant allegedly marks each box of

7    AlkaMAX as patented and every retailer on the internet allegedly

8    claims that AlkaMAX is patented.  Complaint ¶ 17.  Plaintiff

9    avers that AlkaMAX is not, and has never been patented.  He

10   claims he exhaustively researched public records, including the

11   records of the United States Patent & Trademark office and has

12   confirmed that AlkaMAX is not patented.  Id.

13       Plaintiff alleges that Defendant engaged in this false

14   marking scheme to deceive the public, stifle legitimate

15   competition, and gain a competitive advantage in the market.

16   Complaint ¶ 19.

17       Plaintiff brings this suit to act in the public interest

18   under 35 U.S.C. § 292, a false marking statute.

19

20                    II.    OPINION

21       A.   Legal Standard

22            1.   Motions to Dismiss

23                 a. 12(b)(1)

24       The Article III case or controversy requirement limits

25   federal courts' subject matter jurisdiction by requiring that

26   plaintiffs have standing.  Allen v. Wright, 468 U.S. 737, 750

27   (1984).  The party asserting federal subject matter jurisdiction

28   bears the burden of proving its existence.  Kokkonen v. Guardian

1  Life Insurance Co., 511 U.S. 375, 377 (1994). Standing addresses

2  whether the plaintiff is the proper party to bring the matter to

3  the court for adjudication.  Chandler v. State Farm Mutual

4  Automobile Insurance Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

5  Because standing pertains to federal courts' subject matter

6  jurisdiction, it is properly raised in a 12(b)(1) motion to

7  dismiss.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

8                        b. 12(b)(6)

9       A party may move to dismiss an action for failure to state

10 a claim upon which relief can be granted pursuant to Federal

11 Rule of Civil Procedure 12(b)(6).  In considering a motion to

12 dismiss, the court must accept the allegations in the complaint

13 as true and draw all reasonable inferences in favor of the

14 plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975),

15 overruled on other grounds by Davis v. Scherer, 468 U.S. 183

16 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

17 are mere "legal conclusions," however, are not entitled to the

18 assumption of truth.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950

19 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

20 (2007).  To survive a motion to dismiss, a plaintiff needs to

21 plead "enough facts to state a claim to relief that is plausible

22 on its face." Twombly, 550 U.S. at 570.  Dismissal is

23 appropriate where the plaintiff fails to state a claim

24 supportable by a cognizable legal theory.  Balistreri v.

25 Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990) .

26      Upon granting a motion to dismiss for failure to state a

27 claim, the court has discretion to allow leave to amend the

28 complaint pursuant to Federal Rule of Civil Procedure 15(a).

1 "Dismissal with prejudice and without leave to amend is not

2 appropriate unless it is clear . . . that the complaint could

3 not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,

4 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

5     B.   Claims for Relief

6        1.  Standing

7     Defendant argues that the Complaint should be dismissed for

8 lack of standing because Plaintiff has not established the three

9 basic standing requirements: injury in fact, causation, and

10 redressibility.  Plaintiff counters that he has standing because

11 this is a *qui tam* action and he is acting as a relator to

12 enforce 35 U.S.C. § 292, which confers upon any person the right

13 to sue for civil monetary penalties, restitution, and injunctive

14 relief for false patent marking.

15     Standing is a threshold issue. Every plaintiff must

16 demonstrate standing, a jurisdictional prerequisite under

17 Article III's case-or-controversy requirement.  Vermont Agency

18 of Natural Resources v. United States ex rel. Stevens, 529 U.S.

19 765, 771 (2000).  Thus, a plaintiff must show (1) that he has

20 suffered an "injury in fact," an invasion of a legally protected

21 interest that is "(a) concrete and particularized, and (b)

22 actual or imminent, not conjectural or hypothetical," (2) that

23 there is "a causal connection between the injury and the conduct

24 complained of," and (3) that the injury is likely to be

25 redressed by a favorable decision.  Lujan v. Defenders of

26 Wildlife, 504 U.S. 555, 560-61 (1992) (citations and quotations

27 marks omitted).

28     Section 292(b) is a *qui tam* provision, i.e., a "statute

author[izing] a private person, known alternatively as a 'relator' or 'informer,' to bring suit on behalf of the government and to share in the financial recovery." <u>San Francisco Technology, Inc. v. Glad Products Comp.</u>, No. 10-CV-00966, 2010 WL 2943537 *2 N.3 (N.D.Cal. 2010) (internal citations omitted).  The Supreme Court has repeatedly treated Section 292(b) as a *qui tam* statue.  <u>See Vermont Agency</u>, 529 U.S. at 768 n. 1 (listing section 292(b) as one of four *qui tam* statutes currently in force).

A *qui tam* plaintiff, or relator, can establish standing based on the United States' implicit partial assignment of its damages.  <u>Vermont Agency</u>, 529 U.S. at 773-74.  In other words, even though a relator may suffer no injury himself, a *qui tam* provision operates as a statutory assignment of the United States' rights, and "the assignee of a claim has standing to assert the injury in fact suffered by the assignor."  <u>Id</u>.

Congress has, by enacting Section 292, defined an injury in fact to the United States.  "In passing the statute prohibiting deceptive patent mismarking, Congress determined that such conduct is harmful and should be prohibited." <u>Stauffer v. Brooks Brothers, Inc.</u>, Nos. 2009-1429, 2009-1430, 2009-1453, 2010 WL 3397419 *4 (Fed. Cir. 2010).  Because the government would have standing to enforce its own law, Plaintiff, as the government's assignee, also has standing to enforce Section 292. Defendant's argument that since Plaintiff has not purchased AlkaMAX he lacks standing is unpersuasive since the statute is clear that "any person" has standing and Plaintiff is pursuing this lawsuit to enforce the laws of the United States.

1 Accordingly, Defendant's motion to dismiss based on standing
2 grounds is DENIED.

3     2. <u>Statement of a Claim</u>

4     Defendant's other Motion to Dismiss contends that
5 Plaintiff's Complaint fails to state a claim upon which relief
6 can be granted.  Defendant avers that the false marking claim
7 involves fraud so it must be pled with particularity in
8 accordance with Rule 9(b).  Furthermore, Defendant argues that
9 Plaintiff does not allege enough facts to plead the "intent to
10 deceive" element of the false marking claim.  Plaintiff argues
11 that while he does not need to satisfy a heightened pleading
12 standard, the Complaint nonetheless complies with Rule 9(b)'s
13 requirements and that he properly alleges sufficient facts for
14 his "intent to deceive" claim.

15     (a)  <u>Pleading Standard</u>

16     To state a false marking claim, the plaintiff must allege
17 the following: (1) a marking importing that an object is
18 patented; (2) falsely affixed to; (3) an unpatented article;
19 (4) with intent to deceive the public.  See <u>Clontech</u>
20 <u>Laboratories v. Invitrogen Corp.</u>, 406 F.3d 1347, 1351 (Fed. Cir.
21 2005).

22     Defendant argues that the "intent to deceive the public"
23 element of the false marking claim sounds in fraud and is
24 therefore subject to the particularity requirements of Rule
25 9(b).  When fraud is alleged, the complaining party has a higher
26 burden to "state with particularity the circumstances
27 constituting fraud. . . ."  Fed.R.Civ.P. 9(b).

28     Courts are split on whether false-marking claims are fraud-

1  based claims that must adhere to Rule 9(b) pleading standards.

2  Compare, e.g., Third Party Verification, Inc. v. Signaturelink,

3  Inc., 492 F.Supp.2d 1314, 1327 (M.D.Fla. 2007) (holding that

4  Rule 9's level of pleading is not required for false-marking

5  claims) with Juniper Networks v. Shipley, No. C 09-0696, 2009 WL

6  1381873, at *4 (N.D.Cal. May 14, 2009) (holding that false-

7  marking claims are fraud-based and therefore subject to Rule 9's

8  pleading requirements).

9      In the Ninth Circuit, when a claim "is said to be grounded

10  in fraud or to sound in fraud[,]" then that claim must satisfy

11  the particularity requirements of Rule 9(b).  Kearns v. Ford

12  Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  This Court

13  agrees with the Northern District of California that the "intent

14  to deceive" requirement is a "fraud-based claim" and is

15  therefore subject to Rule 9(b).  See Juniper Networks, 2009 WL

16  1381873 at *4.

17      The Court also finds that Plaintiff satisfies Rule 9(b)'s

18  heightened pleading requirement.  "Averments of fraud must be

19  accompanied by the who, what, when, where, and how of the

20  misconduct charged."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d

21  1097, 1106 (9th Cir. 2003) (internal citations omitted).  The

22  Complaint alleges that Trimedica manufactures, advertises,

23  distributes, and sells AlkaMAX.  Complaint ¶¶ 8, 15.  The

24  Complaint alleges that Trimedica marked AlkaMAX as patented.

25  Complaint ¶¶ 1, 16, 17, 26.  The Complaint alleges that patent

26  assertions were still being made as of June 03, 2010, the filing

27  date of the Complaint.  Complaint ¶¶ 1, 8, 15.  The Complaint

28  shows a picture of the allegedly false patent claim on the

1   AlkaMAX label.  Complaint ¶ 16.  Thus, Plaintiff has satisfied

2   the Rule 9(b) pleading requirements for his false marking claim.

3                    (b)    Intent to Deceive

4        Defendant also argues that Plaintiff does not allege any

5   specific facts concerning the "intent to deceive" element of the

6   false marking claim.  "Intent to deceive, while subjective in

7   nature, is established in law by objective criteria." Clontech

8   Laboratories, Inc., 406 F.3d at 1352 (internal citations omitted).

9   Thus, "objective standards" control and "the *fact* of

10  misrepresentation coupled with proof that the party making it

11  had knowledge of its falsity is enough to warrant drawing the

12  inference that there was a fraudulent intent".  Id.  Thus, the

13  plaintiff must show "by a preponderance of the evidence that the

14  party accused of false marking did not have a reasonable belief

15  that the articles were properly marked (i.e., covered by a

16  patent)."  Id. at 1352-53.

17       Plaintiff alleges AlkaMAX is not patented, has never been

18  patented, and has never had a patent pending.  Complaint ¶ 17.

19  Because this is a Motion to Dismiss and the Complaint avers that

20  there existed no patent or any patent pending, at this stage

21  Plaintiff has successfully alleged there was no reasonable

22  belief in the veracity of the patent.  Thus, Plaintiff has met

23  his burden and has properly stated a claim for an intent to

24  deceive the public.

25       Accordingly, Defendant's motion to dismiss the Complaint

26  for failure to state a claim is DENIED.

27  ///

28  ///

                                8

1           3. <u>Statute of Limitations</u>

2           Defendant argues that Plaintiff's claim is barred by the

3    five year statute of limitations set forth in 28 U.S.C. § 2462.

4    Defendant reasons that the statute of limitations began to run

5    on the date Defendant allegedly violated Section 292, not when

6    Plaintiff discovered the violation.  Plaintiff counters that

7    each instance of false marking is a separate violation or

8    injury, restarting the statute of limitations.

9           The marking and false marking statutes exist to give the

10   public notice of patent rights.  "Congress intended the public

11   to rely on marking as a 'ready means of discerning the status of

12   intellectual property embodied in an article of manufacture or

13   design.'"  <u>Clontech Laboratories</u>, 406 F.3d at 1356 (quoting

14   <u>Bonito Boats, Inc. v. Thunder Craft Boats, Inc.</u>, 489 U.S. 141,

15   162 (1989)).  False marking harms the public in a variety of

16   ways: it deters innovation and stifles competition in the

17   marketplace, it dissuades potential competitors from entering

18   the same market, it deters scientific research when an inventor

19   sees a mark and decides to forego continued research to avoid

20   possible infringement, and it also causes unnecessary investment

21   in design around or costs incurred to analyze the validity or

22   enforceability of a patent whose number has been marked upon a

23   product with which a competitor would like to compete.  <u>Forest</u>

24   <u>Group, Inc. v. Bon Tool Co.</u>, 590 F.3d 1295, 1302-03 (Fed. Cir.

25   2009), (internal quotations omitted), "These injuries occur each

26   time an article is falsely marked."  <u>Id</u>.

27          This Court agrees with Federal Circuit that each instance

28   of false marking – in this case, each time AlkaMAX was falsely

                              9

marked or the patent assertion was made – is a separate

violation or injury.  If the Court ruled otherwise, that a

single violation tolls the statue of limitations, then the

statute would be completely ineffective because a false mark

violator would be able to continue to false mark as long as it

could get past the proscribed time period of the statute of

limitations for its first violation.  See Bon Tool, 590 F.3d at

1303.  Therefore, since the Complaint alleges that the

violations were occurring contemporaneously with the filing date

of the Complaint, Defendant's motion to dismiss the Complaint

because of the statute of limitations is DENIED.


III.    ORDER

    For the reasons set forth above,

    Defendant's motions to dismiss under Fed.R.Civ.P. 12(b)(1),

12 (b)(6) and 9(b) are DENIED.

    IT IS SO ORDERED.

Dated: November 30, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE